IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1668 (LPS) |
| | ) | |
| AT&T MOBILITY LLC, AT&T MOBILITY II LLC and NEW CINGULAR WIRELESS SERVICES, INC., | ) ) ) | REDACTED -- PUBLIC VERSION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) ) | |
| | ) | |
| Intervenors. | ) | |
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1669 (LPS) |
| | ) | |
| CRICKET COMMUNICATIONS, INC., | ) | REDACTED -- PUBLIC VERSION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) ) | |
| | ) | |
| Intervenors. | ) | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1670 (LPS) |
| | ) | |
| NEXTEL OPERATIONS, INC. and SPRINT SPECTRUM L.P., | ) ) | REDACTED -- PUBLIC VERSION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) ) | |
| | ) | |
| Intervenors. | ) | |
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1671 (LPS) |
| | ) | |
| T-MOBILE USA, INC. and T-MOBILE US, INC., | ) ) | REDACTED -- PUBLIC VERSION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) ) | |
| | ) | |
| Intervenors. | ) |
| | ) | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 13-1672 (LPS) |
| ) | |
| UNITED STATES CELLULAR ) | REDACTED -- PUBLIC VERSION |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| ERICSSON INC. and ) | |
| TELEFONAKTIEBOLAGET LM ERICSSON, ) | |
| ) | |
| Intervenors. ) | |

### DEFENDANTS' OPENING LETTER BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF IV'S INFRINGEMENT CONTENTIONS FOR THE '248 AND '831 PATENTS

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Karen Jacobs (#2881) |
|  | Jennifer Ying (#5550) |
| OF COUNSEL: | 1201 North Market Street |
|  | P.O. Box 1347 |
| BAKER BOTTS LLP | Wilmington, DE 19899-1347 |
| Douglas M. Kubehl | (302) 658-9200 |
| Joseph D. Gray | jblumenfeld@mnat.com |
| Jeffery S. Becker | kjacobs@mnat.com |
| Johnson K. Kuncheria | jying@mnat.com |
| Steven T. Jugle | *Attorneys for AT&T Mobility LLC, AT&T* |
| Harrison G. Rich | *Mobility II LLC, New Cingular Wireless* |
| Megan V. LaDriere | *Services, Inc., Cricket Communications, Inc.,* |
| Jonathan Rubenstein | *Nextel Operations, Inc., U.S. Cellular Corp.,* |
| 2001 Ross Avenue, Suite 600 | *T-Mobile US, Inc., T-Mobile USA, Inc. and* |
| Dallas, TX 75201-2980 | *Sprint Spectrum L.P., and intervenors Ericsson* |
| (214) 953-6486 | *Inc. and Telefonaktiebolaget LM Ericsson* |

*Attorneys for Defendants T-Mobile USA, Inc., T-Mobile US, Inc., U.S. Cellular Corp., and intervenors Ericsson Inc. and Telefonaktiebolaget LM Ericsson*

3

GIBSON, DUNN & CRUTCHER LLP
Josh Krevitt
Benjamin Hershkowitz
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Robert Vincent
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
rvincent@gibsondunn.com

*Attorneys for AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless Services, Inc., Cricket Communications, Inc.,*

David E. Finkelson
Franklin D. Kang
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219-4030
(804) 775-1000

*Attorneys for Sprint Spectrum LP and Nextel Operations Inc.*

Asim M. Bhansali
David J. Silbert
R. Adam Lauridsen
Justina K. Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

*Attorneys for T-Mobile US, Inc. and T-Mobile USA, Inc.*

Original Filing Date:  October 7, 2016
Redacted Filing Date:  October 14, 2016

Dear Chief Judge Stark:

Defendants[1] submit this letter in support of their motion to strike portions of IV's final infringement contentions ("Contentions") relating to U.S. Patent Nos. 6,640,248 (the "'248 patent") and 5,602,831 (the "'831 patent") for the reasons set forth below.[2]

## I. IV's '248 Patent Contentions Should be Stricken for Failure to Apply the Court's Construction of "Application-aware"

The Court should strike IV's Contentions for the '248 patent because they are contrary to the Court's construction of the term "application-aware." which is taken verbatim from Defendants' proposal from over 11 months ago. At the *Markman* hearing (and in its briefing), IV initially argued that "'plain and ordinary meaning' is sufficient, but if not, a resource allocator that allocates resources based on application type is a definition that would be appropriate." D.I. 239 at 113:11-14. In response to questioning from the Court, however, IV conceded that "information about applications at layer 7 [must] be accounted for" in the Court's construction. D.I. 378 at 16 ("Order"). In its Order, the Court adopted Defendants' construction, *i.e.*, "a [resource allocator] that has knowledge of the type of data application and further takes into account, when allocating bandwidth, information about applications at International Standards Organization's Open Systems Interworking (OSI) application layer 7." *Id.* at 15.

Despite the Court's claim construction Order and IV's concession at the hearing, IV now ignores that Order, opting instead to base its Contentions on its originally proposed (and expressly rejected) construction. Tellingly, IV's Contentions parrot the *exact* language from its Feb. 2015 initial contentions, alleging that ██████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ *Compare* Ex. 1 (IV's final '248 contentions) at 4 *with* Ex. 5 (IV's initial '248 contentions) at 5 (emphasis added). This assertion wholly fails to address the latter part of the Court's construction, which requires that information about applications at layer 7 be taken into account when allocating bandwidth. Indeed, the phrase "layer 7" does not appear once in IV's '248 patent Contentions. *See* Ex. 1.

As this Court previously ruled in an earlier case brought by IV, this conduct is improper. *See* Ex. 6, *IV I LLC v. Symantec Corp.*, C.A. 13-440-LPS, Hrg. Tr. at 24 (D. Del. June 30, 2016) (finding that requirements in claim construction were *per se* "material"). IV's refusal to apply the Court's construction irrefutably prejudices Defendants as they have had *no notice*, let alone adequate notice, of how the accused products allegedly meet the application-aware limitation. IV has had ample opportunity to address the proper construction; first during the five month period between Defendants identifying this construction and the *Markman* hearing; next during the six month period since IV's admission at the *Markman* hearing that Layer 7 information must be taken into account; and finally during the extension period that was agreed upon to allow IV to account for the Court's claim constructions,[3] which memorialized IV's concession regarding this claim

---

[1] Unless otherwise noted, all docket citations are to C.A. No. 13-1668.
[2] All citations to IV's Contentions herein refer to its final contentions against AT&T (Exs. 1-4). The deficiencies addressed, however, are identical across the Contentions to each Defendant.
[3] After the Court advised that its *Markman* opinion would issue by August 12, 2016 (D.I. 331),

element. Accordingly, Defendants respectfully request that the Court strike IV's Contentions as to the "application-aware" limitations of the '248 patent.

## II. IV's '248 and '831 Patent DOE Contentions Should be Stricken Because They Vitiate the Court's Constructions

IV's DOE Contentions likewise fail as a matter of law because IV has not even attempted to identify equivalents for each claim element, as construed by the Court. Instead, IV again treats this Court's Order as a nullity, ignoring certain elements of the claims. *First*, IV's DOE Contentions as to the '248 patent vitiate the Court's construction of the term "application-aware," and seek to improperly recapture subject matter disclaimed in prosecution. *See* Order, D.I. 378 at 16 & n.7. In particular, IV contends that allocating bandwidth based on ▓▓▓▓▓▓▓▓▓▓ alone is equivalent to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as the Court's construction requires. *See* Ex. 1 (IV's final '248 contentions) at 25. But, IV's Contentions make no mention of the Court's construction, do not include a single citation to evidentiary support, and make no attempt to identify an equivalent for the "application-aware" limitation.

*Second*, IV's DOE Contentions patent vitiate the Court's construction of the "encoding" terms of claims 1 and 9 of the '831 patent, which require interleaving a discrete number of packets together into packet blocks. *See* Order, D.I. 378 at 7-8. Without making any attempt to explain which elements in the accused products are equivalent to the claimed limitations and why, IV simply baldly asserts that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See*, Ex. 3 (IV's final '831 contentions) at 13. IV wholly fails to identify any equivalent for the encoding limitations as construed by the Court. Tellingly, IV's DOE statement does not even include an identification of the "packets" required by the claims, never mind the requirement of interleaving a discrete number of packets together. *See id.* IV confirmed during the parties' meet and confer that IV is identifying ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as the alleged packets, not ▓▓▓▓▓▓▓▓▓▓▓▓. IV's DOE theory, however, makes no mention of ▓▓▓▓▓▓▓▓▓▓ and fails to show how ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓ is equivalent to *interleaving a discrete number of packets* together.

Again, this Court has already found this conduct to be improper in IV's case against Symantec. *See* Ex. 6 at 24. To properly assert a DOE theory, "[a] patentee must establish 'equivalency on a limitation-by-limitation basis' by 'particularized testimony and linking argument' as to the insubstantiality of the differences between the claimed invention and the accused device or process." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016). "Under the doctrine of equivalents, an infringement theory thus fails if it renders a claim limitation inconsequential or ineffective." *Id.* Here, there is no particularized testimony or linking argument as to the application-aware or encoding limitations. Thus, IV's DOE theories

---

the parties stipulated to extending the case schedule to allow the parties to account for the Court's constructions in their respective final contentions. *See* D.I. 360.

are deficient and should be stricken. *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1377 (Fed. Cir. 2008) ("[T]he doctrine of equivalents is not a license to ignore claim limitations."); *Texas Instrum. Inc. v. Cypress Semicon. Corp.*, 90 F.3d 1558, 1566.

**III. IV's New/Untimely Infringement Theory for the '831 Patent Should be Stricken.**

More than 11 months ago, Defendants notified IV that the proper construction of the term "signal drop-out characteristic*s*" in claim 1 of the '831 patent requires *more than one* signal drop-out characteristic. *See* Order, D.I. 378 at 6-7. Nevertheless, throughout this case, IV has identified only a *single* feature as allegedly corresponding to the claimed *plural* "signal drop-out characteristics." Specifically, IV has relied on ███████████████ as satisfying this claim requirement. *See, e.g.*, Ex. 7 (IV's initial '831 contentions) at 8 (stating ██████████████████████████████████████.



Nevertheless, IV waited until two weeks before the close of fact discovery to disclose a new theory for "signal drop-out characteristics." In light of the facts of this case, this is improper. Since the beginning, IV's infringement contentions have relied on disclosure in 3GPP LTE specifications. *Id*. Part of those specifications identify a value called a "NACK." Ex. 3 (IV's final '831 contentions) at 5 ████████████████████████████████████████████████████████████████████████ IV did not identify the NACK as having any relevance to its infringement theory before its final Contentions. Instead, on the eve of the close of fact discovery, IV disclosed in its final Contentions its new infringement theory that, ████████████ the previously known, but never relied upon "NACK" is an alleged characteristic of a signal drop-out. Ex. 3 at 5.

IV has no excuse for failing to disclose its NACK theory in a timely manner. Defendants unquestionably would be prejudiced if IV were allowed to pursue this new theory. Defendants identified prior art, developed their invalidity contentions, and sought discovery based, in part, upon IV's infringement contentions, which IV never supplemented before its final Contentions were due in August 2016. Because Defendants had no notice that IV contended that NACK technology is within the scope of the claim, Defendants had no reason to search for relevant prior art or demonstrate that NACK technology itself is conventional. For example, even a preliminary search of prior art (which Defendants have not had any meaningful opportunity to review) reveals that NACK technology goes back at least as early as 1971. *See, e.g.*, U.S. Patent No. 3,754,211 (Ex. 9).[4] To alleviate this prejudice, Defendants would need to conduct prior art searches, analyze the results, prepare amended invalidity contentions, and potentially seek third party discovery. However, because Defendants' opening expert reports on validity are currently due to be served on October 19, 2016 and the remaining schedule is compacted to lead to a first trial date in July 2017, there is no time in the schedule to mitigate the severe prejudice caused by IV's untimely new theory.

---

[4] *See also* Rice, M. D. and Wicker S. B., "A Sequential Testing Scheme for Adaptive Error Control on Slowly Varying Channels" IEEE Trans. on Comms, Vol. 42, No. 4, pp. 1533-1543, April 1994 (Ex. 10).

3

Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)

KJ
cc: Clerk of the Court
All Counsel of Record