IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CELLULAR CORPORATION,<br><br>Defendant,<br><br>and<br><br>ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON<br><br>Intervenors. | Civil Action No. 13-1672-LPS<br><br>JURY TRIAL DEMANDED |

## [~~PROPOSED~~] FINAL JUDGMENT

WHEREAS Plaintiff Intellectual Ventures I LLC ("IV") asserted four patents in this action: United States Patents 6,640,248 ("the '248 Patent"); 5,602,831 ("the '831 Patent"); 6,023,783 ("the '783 Patent"); and 6,952,408 ("the '408 Patent"). (D.I. 46).

WHEREAS all claims and counterclaims relating to the '783 Patent were dismissed with prejudice, subject to the terms of the stipulation entered on May 5, 2016.

WHEREAS all claims and counterclaims relating to the '408 Patent were dismissed without prejudice by stipulation entered on December 8, 2016.

WHEREAS Plaintiff has asserted Claims 1, 2, 5, 6, 9, 14, 17, and 20 of the '248 Patent in this action. (D.I. 93).

WHEREAS the Court, by memorandum opinion and order dated August 12, 2016, construed the term "allocating means for allocating resources to said IP flow . . . so as to

optimize end user application IP QoS requirements of said software application" in Claim 20 of the '248 Patent to be indefinite. (D.I. 357 at 19–21).

WHEREAS the Court, by memorandum opinion and order dated August 12, 2016, construed the term "application aware resource allocator at the MAC layer" in Claim 1 of the '248 Patent and the term "application-aware media access control (MAC) layer" in Claim 20 of the '248 Patent (the "application-aware" terms") to mean "a [resource allocator/media access control layer] that has knowledge of the type of data application and further takes into account, when allocating bandwidth, information about applications at International Standards Organization's Open Systems Interworking (OSI) application layer 7." (D.I. 357 at 15–17).

WHEREAS the Court, by Order dated May 19, 2017, granted summary judgment of non-infringement of the '248 Patent with respect to the "application-aware" claim term in favor of Defendant[1] and Ericsson,[2] and against Plaintiff. (D.I. 567).

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. Judgment of no infringement of claims 1, 2, 5, 6, 9, 14, 17, and 20 of U.S. Patent No. 6,640,248 is entered in favor of Defendant and Intervenor Ericsson, and against Plaintiff, and judgment is also entered in favor of Defendant, and against Plaintiff, on Count I of Defendant's counterclaims (regarding non-infringement of the '248 Patent);

2. Judgment of invalidity of Claim 20 of U.S. Patent No. 6,640,248 is entered in favor of Defendant and Intervenor Ericsson, and against Plaintiff, and judgment is also entered in favor of Defendant, and against Plaintiff, on Count II of

---

[1] Defendant refers to United States Cellular Corporation.
[2] Ericsson refers collectively to Ericsson Inc. and Telefonaktiebolaget LM Ericsson.

       Defendant's Counterclaims (regarding invalidity of the '248 Patent) with respect to Claim 20 of the '248 Patent;

3. By agreement of the parties, all claims relating to U.S. Patent No. 5,602,831 ("the '831 Patent") are dismissed with prejudice, and all defenses and counterclaims relating to the '831 Patent are dismissed without prejudice, with all parties to bear their own costs and fees;

4. All other pending motions for summary judgment and to exclude testimony are denied without prejudice as moot;

5. Any and all of Defendant's and Ericsson's remaining defenses and counterclaims not addressed above are dismissed without prejudice; and

6. Any assessment of costs related to the '248 Patent, including under Federal Rule of Civil Procedure 54(d) and Local Rule 54.1, or motion seeking attorney's fees related to the '248 Patent, including under Federal Rule of Civil Procedure 54(d) and Local Rule 54.3, shall be deferred until 45 days after all appeals relating to this litigation have been exhausted. If Plaintiff does not file an appeal in this litigation, Defendant's and Ericsson's deadline for filing such motions and their bills of costs shall be extended to 45 days after the deadline for Plaintiff to file an appeal has lapsed.

This is a final judgment and may be appealed.

| | |
|---|---|
| FARNAN LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Brian E. Farnan* | /s/ *Jennifer Ying* |
| Joseph J. Farnan, III (#3945)<br>Brian E. Farnan (#4089)<br>Michael J. Farnan (#5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>jjfarnan@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com | Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Jennifer Ying (#5550)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>kjacobs@mnat.com<br>jying@mnat.com |
| *Attorneys for Intellectual Ventures I LLC* | *Attorneys for United States Cellular Corporation and Intervenors Ericsson Inc. and Telefonaktiebolaget LM Ericsson* |

August 4, 2017

SO ORDERED this \_\_9th\_\_ day of \_\_August\_\_, 2017

_____
Hon. Leonard P. Stark